# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL ANTONIO VILLANUEVA,<br><br>    Appellant,<br><br>v.<br><br>U.S. BANK, N.A., *as Trustee for SG Mortgage Securities Trust 2006-FRE2, Asset Backed Certificates, Series 2006-FRE2*,<br><br>    Appellee. | Civil Action No. TDC-18-1609 |

## MEMORANDUM ORDER

On June 1, 2018, Appellant Daniel Antonio Villanueva filed a Notice of Appeal of an Order of the United States Bankruptcy Court for the District of Maryland. Specifically, Villanueva appeals the bankruptcy court's denial of his Motion for Dismissal of Appellee U.S. Bank's Motion for Relief from Automatic Stay. Presently pending before the Court is U.S. Bank's Motion to Dismiss the Appeal on the grounds that this Court does not have jurisdiction over the appeal. For the reasons set forth below, U.S. Bank's motion is DENIED.

On November 7, 2017, Villanueva filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code. Villanueva had executed a promissory note secured by a deed of trust granting a lien on his real property located in Hyattsville Maryland. On January 18, 2018, U.S. Bank, which held the promissory note, filed a Motion for Relief from Automatic Stay ("Motion for Relief from Stay") to secure authorization to "enforce remedies to foreclose upon and obtain possession" of it. Mot. for Relief from Stay 2, ECF No. 2-1. Villanueva filed two responses to this Motion, on January 25, 2018 and January 30, 2018, in which he questioned U.S.

Trust's right to foreclose. He also filed two Requests for Mandatory Judicial Notice relating to the Motion. On May 10, 2018, the bankruptcy court held a hearing at which it orally granted the Motion for Relief from Stay. Earlier that same day, Villanueva filed a Motion for Dismissal of Motion for Relief from Automatic Stay ("Motion for Dismissal"), in which he continued to assert arguments that U.S. Trust lacked the right to enforce the note. The Motion for Dismissal was re-filed on May 17, 2018. On May 18, 2018, the bankruptcy court entered a formal Order Granting Relief from Automatic Stay in which it lifted the stay as to the Hyattsville property so that U.S. Bank could continue with a foreclosure proceeding. The bankruptcy court then denied Villanueva's Motion for Dismissal on May 24, 2018 for the reasons stated at the May 10, 2018 hearing. Villanueva filed his Notice of Appeal on June 1, 2018.

U.S. Bank argues that this Court does not have jurisdiction over the appeal. United States district courts have jurisdiction to hear appeals from bankruptcy courts of final judgment or orders, certain interlocutory orders amending time periods set under 11 U.S.C. § 1121, and interlocutory orders after the court has granted leave to appeal. *See* 28 U.S.C. § 158 (2012). U.S. Bank contends that as an order denying a motion to dismiss, the appealed order is not a final order and is not a properly reviewable interlocutory order.

In bankruptcy appeals, "the concept of finality . . . has traditionally been applied 'in a more pragmatic and less technical way'" than in other contexts, because bankruptcy proceedings often involve multiple parties with several discrete controversies that are potentially separable from other issues in the case. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985)); *see also In re Saco Local Dev. Corp.*, 711 F.2d 441, 443–45 (1st Cir. 1983). In bankruptcy, orders denying motions to dismiss generally are not appealable by right as final orders. *See, e.g., Allen v. Old Nat'l Bank of Wash. (In re Allen)*,

896 F.2d 416, 418 (9th Cir. 1990) (finding that the denial of a motion to dismiss for lack of subject matter jurisdiction was not appealable); *Promenade Nat'l Bank v. Phillips (In re Phillips)*, 844 F.2d 230, 235–36 (5th Cir. 1988) (finding that the denial of a motion to dismiss based on the ineligibility of the debtor was not appealable); *see also* 1 *Collier on Bankruptcy* ¶ 5.08[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2018). One exception is that a denial of a motion to dismiss a Chapter 7 bankruptcy case as abusive under 11 U.S.C. § 707(b) may be appealed because a determination whether the proceedings were abusive should be reviewed before the completion of the Chapter 7 proceeding. *See McDow v. Dudley*, 662 F.3d 284, 289 (4th Cir. 2011). In contrast, an order lifting the automatic stay is generally deemed to be a final order that may be appealed because it "completes litigation on the question and subjects the property to a foreclosure action in state court." *In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983); *see, e.g., Tringali v. Hathaway Mach. Co., Inc.*, 796 F.2d 553, 558 (1st Cir. 1986); *see also* 1 *Collier on Bankruptcy* ¶ 5.09.

U.S. Bank argues that because Villanueva specifically identified the order from which he appeals as the denial of the Motion for Dismissal, the appeal must be dismissed for lack of jurisdiction. In substance, however, the Motion for Dismissal filed on May 17, 2018, after the bankruptcy court's oral ruling granting the Motion for Relief from Stay, is most appropriately construed as a motion for reconsideration of that ruling. The Motion for Dismissal served no purpose independent from Villanueva's opposition to the Motion for Relief from Stay. It focused on the same issue addressed in that motion, whether the automatic stay should be lifted, and the relief sought in the Motion for Dismissal included a declaration that U.S. Bank was seeking to collect a debt in the bankruptcy and dismissal of the Motion for Relief from Stay. Villanueva's arguments in support of the Motion for Dismissal, in which he questioned U.S. Bank's right to

enforce the note, are substantially similar to those he made in opposition to the Motion for Relief from Stay. The fact that the bankruptcy court denied the Motion for Dismissal based on the reasons stated at the May 10, 2018 hearing, during which the bankruptcy court orally granted the Motion for Relief from Stay, further illustrates that it was not an independent motion. Finally, Villanueva clarifies for the Court in his opposition to the pending Motion that he is effectively seeking to appeal "the Bankruptcy Court's order lifting the automatic stay allowing Appellees to proceed with their foreclosure and collection activities." Appellant's Opp'n 3, ECF No. 5. Notably, in his Designation of Appeal, Villanueva included the briefs and orders relating to the Motion for Relief from Stay.

Because the Court construes the Motion for Dismissal as having sought reconsideration of the order granting the Motion for Relief from Stay, the bankruptcy court's denial of the Motion for Dismissal reached the same substantive conclusion as the order granting the Motion for Relief from Stay and therefore is effectively a final appealable order. *See, e.g., In re Comer*, 716 F.3d at 172. U.S. Bank's Motion to Dismiss will be denied.

The Court notes that Villanueva's Designation of Record on Appeal was filed on June 29, 2018. ECF No. 2. Under the Federal Rules of Bankruptcy Procedure, "The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018. On July 3, 2018, the Court issued a notice to counsel informing them of this briefing deadline. ECF No. 3. Pursuant to this rule, Villanueva's opening brief was due August 2, 2018. To date, Villanueva has yet to file his opening brief, and no cause has been shown for Villanueva's delay in filing a brief. Therefore, the Court shall allow Villanueva 14 days from the date of this order to file the appellant's brief and to show cause why

4

the court should accept the late-filed brief. If he fails to do so, this appeal will be dismissed pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4). *See* D. Md. Local R. 404.3.

Accordingly, for the foregoing reasons, it is hereby ORDERED that:

1. U.S. Bank's Motion to Dismiss, ECF No. 4, is DENIED.

2. Within **14 days** from the date of this Order, Villanueva shall FILE the appellant's brief. In that submission, Villanueva shall SHOW CAUSE why the court should accept the late-filed brief. Failure to do comply with this Order will result in the dismissal of this appeal without further notice from the Court.

3. Pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(2)–(3), U.S. Bank shall FILE the appellee's brief within **30 days** after service of the appellant's brief, and Villanueva shall FILE any reply brief within **14 days** after the service of the appellee's brief.

Date: December 7, 2018

THEODORE D. CHUANG
United States District Judge